IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>42816 MISSION BLVD LLC,<br><br>    Defendant. | Case No. 17-cv-03040-CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Scott Johnson, the Plaintiff, seeks a default judgment in this Americans with Disabilities Act ("ADA") case. He requests $12,000 in damages and $5,200 in attorney's fees, as well as an injunction requiring Defendants to provide a flat surface in the access lane to the disabled parking in Defendants' convenience-store-adjacent lot. The motion is granted, but damages are only awarded in the amount of $4,000.

## I.    BACKGROUND

Scott Johnson brought suit under the ADA and Unruh Act for failure to provide ADA-compliant parking, seeking damages and injunctive relief. See Compl (dkt. 1). While Defendants' mini-mart provided a disabled parking space, Johnson alleged that the space was deficient in that the access lane (1) was too steep and (2) while marked with the sign of a person in a wheelchair, did not feature the words "NO PARKING."

When Defendants failed to answer the complaint, Johnson sought and received entry of default from the clerk (dkt. 19). He now moves for default judgment.

## II. LEGAL STANDARD

The Court may enter a default judgment upon motion by the plaintiff after entry of default by the clerk. See Fed. R. Civ. P. 55(b). Upon an entry of default, the factual allegations of the plaintiff's complaint are taken as true, except those relating to the amount of damages. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

In determining whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). This Court has subject matter jurisdiction given that Plaintiffs bring claims against Defendants under the ADA. See Complaint. Meanwhile, the Court has personal jurisdiction over Defendants because the facility where Johnson allegedly encountered the barrier is located within this district.

## III. DISCUSSION

### A. Merits

To prevail on an ADA claim, a plaintiff must show that: (1) he is disabled (42 U.S.C. § 12102(a)); (2) the defendant's facility is a place of "public accommodation" (42 U.S.C. § 12182(a)); (3) the facility had unlawful architectural barriers (42 U.S.C. § 12182(b)(2)(A)(iv)); and (4) the plaintiff encountered the architectural barrier (42 U.S.C. § 12188(a)). Elements one, two, and four are clearly met. Element three requires more analysis.

Johnson asserts that the parking at Defendants' mini-mart presented two unlawful barriers. First, he argues that the access aisle was not level, noting that the interpretive guidelines promulgated by the Department of Justice ("DOJ") require no more than a 1:48 grade (2.08%). See DOJ, 36 C.F.R., Pt. 1191, § 502.4. The DOJ standards are entitled to deference under Chevron U.S.A., Inc. v. Nat'l Resources Def. Council, 467 U.S. 837 (1984). See Miller v. California Speedway Corp., 536 F.3d 1020, 1027 (9th Cir. 2008).

Defendant attaches photos showing that the grade of part of the access ramp is some 15%. Dkt. 20-7. Accordingly, taking the allegations in the complaint as true, the access ramp presented an architectural barrier.

Johnson also argues that the facility's failure to include "NO PARKING" lettering in addition to the profile view of a wheelchair occupant to indicate that people without disabilities are not to park in the handicapped space also presented an architectural barrier. However, Johnson points to no federal guidelines or cases that establish this rule. Instead, he argues that the DOJ standards delegate the issue of how to demarcate the space to local authorities. See 36 C.F.R., Pt. 1191, § 502.3.3. He further notes that the California Building Code requires "NO PARKING" letters at least one foot in height in the access aisle. See Cal. Building Code § 1129B.3.

It is incorrect, however, that the standards delegate the issue to localities. The standards include an advisory which reads: "The method and color of marking are not specified by these requirements but may be addressed by State or local laws or regulations." DOJ, ADA Standards for Accessible Design at 150 (2010), https://www.ada.gov/2010ADAstandards_index.htm. This is not part of the actual agency regulation, see C.F.R. Pt. 1191, § 502.3.3, and in any event can only be interpreted as a warning to businesses that they may also have to comply with state-law requirements. Accordingly, Johnson's attempt to premise an ADA violation on the California standard regarding lettering fails. All the DOJ regulation says is that access aisles "shall be marked so as to discourage parking in them." Id. The defendant's facility marked the access aisle with stripes. This was sufficient.

So Johnson has established a single ADA violation: the failure to provide level parking.

**B.     Relief**

Johnson seeks an injunction under the ADA requiring Defendants to provide sufficiently level parking and to add a "NO PARKING" sign. The Court denies the motion

3

for an injunction to add the sign, but grants the motion to require level parking that conforms to the standards set out in the DOJ guidelines.[1]

Johnson also seeks damages. The Unruh Act, Cal. Civ. Code § 51, provides for damages for ADA violations. Statutory damages are $4,000 for each instance of discrimination. Id. § 52(a). Johnson seeks damages of $12,000 because he visited the store three times. But the Unruh Act on its face does not provide for this sort of multiplication of damages, and Johnson cites to no case adopting this interpretation. Accordingly, the Court limits him to $4,000 for the single violation of failing to provide an evenly graded access aisle.

The Unruh Act also provides that a Court "may" award a prevailing party attorney's fees. Cal. Civ. Code § 52.1(h). This language is permissive, not mandatory: a court may equally decline to award attorney's fees. Jankey v. Song Koo Lee, 290 P.3d 187, 192 (Cal. 2012). Under California law, "Absent a clear abuse of discretion, a reviewing court may not disturb a trial court's decision on the matter of attorney's fees." In re Marriage of Taylor, 122 Cal. App. 3d 209, 215 (Ct. App. 1981). A court may base a decision on whether to grant attorney's fees on a party's financial situation. Id. at 216.

Johnson requests $5,200 in attorney's fees and costs. Having reviewed Plaintiff's declaration accounting for the fees, the Court finds that this is a reasonable amount under the lodestar method. However, Defendants filed an opposition to Plaintiff's motion which suggests that Defendants may not have the ability to pay attorney's fees and costs in this amount. Concerned about Defendants' ability to both pay these fees and satisfy the injunctive relief requested by Plaintiff, the Court requested additional information on Defendant's financial situation. See Order Requesting Documentation (dkt. 24). However, Defendants failed to provide any documentation. The Court accordingly imposes attorney's fees and costs as requested by Plaintiff.

---

[1] The Defendant has informed the Court that since receiving the complaint, she has moved oil barrels out of the access lane and painted a "NO PARKING" sign on the access lane. Because the pertinent violation is the steepness of the access lane, this has no effect on the Court's decision to grant an injunction.

4

## C. Eitel Factors

Courts examines the following factors in determining whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the likelihood of obtaining a decision on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Applied to the facts at hand, these factors weigh in favor of granting Johnson's motion.

Under the first factor, absent a default judgment, Johnson will not be able to recover for the alleged Unruh Act violation. See, e.g., Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners, No. 14-cv-00848, 2014 WL 5281039, at *6 (N.D. Cal. 2014) ("Denying a plaintiff means of recourse is by itself sufficient to meet the burden posed by this factor.") (citations omitted).

The second and third Eitel factors—concerning the merits of the substantive claims and the sufficiency of their Complaint—also weigh in favor of granting default judgment here, for the reasons given in Part III.A.

Turning to the fourth Eitel factor, if the sum of money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. See Eitel, 782 F.2d at 1472 ($3,000,000 judgment weighed against default judgment). Here, the Court will only award $9,200 in statutory damages and attorneys' fees and costs. This is not a particularly large sum. Furthermore, the Court gave Defendants an opportunity to present additional information on whether the damages award would present an undue hardship to its business, and they failed to avail themselves.

Turning to the remaining factors, there is no possibility of dispute over material facts here, because upon an entry of default by the Clerk, the factual allegations of the Plaintiff's complaint related to liability are taken as true. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008). Furthermore, there is no evidence of excusable neglect by Defendants. They acknowledged receiving the summons and

5

complaint (dkt. 10), and their attorney filed a notice of unavailability (dkt. 18) and opposition (dkt. 23).  Finally, although default judgments are generally disfavored compared to decisions on the merits, see Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985), Defendants' failure to appear has made a decision on the merits impossible.  See Eitel, 782 F.2d at 1471–72. So the Eitel factors weight in favor of default judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: June 15, 2018

CHARLES R. BREYER
United States District Judge